**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 2011-49 (WOB-JGW)**

JACKIE LALLEY, ET AL.                                    PLAINTIFFS

VS.            **MEMORANDUM OPINION AND ORDER**

ALISHA N. BENNETT, ET AL.                            DEFENDANTS

This matter is before the court on defendants' motion to dismiss for failure of service (Doc. 10) and plaintiffs' motion for an extension of time to effectuate such service (Doc. 12). The court concludes that oral argument is not necessary to the resolution of this motion.

*Background*

This is an action brought pursuant to 42 U.S.C. § 1983 arising out of the suicide of plaintiffs' decedent at the Kenton County Detention Center ("KCDC") in Covington, Kentucky on April 7, 2010.

Plaintiffs filed this action on March 14, 2011, against two groups of defendants: the KCDC medical staff and their employer, a medical contractor to the jail; and fifteen members of the KCDC staff in their individual capacities. (Doc. 1)

Shortly after the complaint was filed, plaintiff requested waiver of service, which was refused. On May 17, 2011, Plaintiffs' counsel hired a process server to serve

the KCDC defendants.  After visiting the jail, the process server reported back to plaintiffs' counsel that he had served each of the defendants individually.  (Affidavit of Charles Holbrook ¶ 4) ("I informed Mr. Deters, that I had completed personal service on the Defendants.")

On July 18, 2011, however, more than 120 days after the complaint had been filed, defendants filed their motion to dismiss alleging that this Court lacks personal jurisdiction over twelve of the KCDC defendants based on lack of proper service.[1]  (Doc. #10)  Plaintiffs state that, after receiving this motion to dismiss, they consulted with the process server.  The process server this time stated that he had not actually served each defendant individually. (Affidavit of Charles Holbrook ¶¶ 4-5)  Rather, when he arrived at the KCDC, the server was met by Terry Carl, the Kenton County Jailer, who assured the server that he would distribute the summonses to the individual defendants.  (*Id.* ¶ 2)  Carl apparently did not do so.

Upon learning of this deficiency, plaintiffs filed a Motion for Additional Time to Effectuate Service (Doc. 12), which the KCDC defendants oppose.

### ***Analysis***

Rule 4(m) of the Federal Rules of Civil Procedure provides that, if a defendant is not served within 120 days after the complaint is filed, the court must either dismiss the action without prejudice or specify a time within which

---

[1] Three of the fifteen KCDC defendants have been served.

service be made.  If, however, a plaintiff demonstrates "good cause" for failure of service, then a court loses such discretion and must grant an extension.  *Stewart v. Tennessee Valley Auth.*, Case No. 99-5723, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).  If good cause is not shown, the court nonetheless retains discretion to grant an extension.  *See id*.

In Kentucky, personal service may be effectuated by delivering copies of the summons and complaint to the individual personally or to an authorized agent.  Ky. R. Civ. P. 4.04(2).  Under the Federal Rules, service may be effectuated by delivering copies of the complaint and summons to the individual personally; leaving a copy of each at the individual's dwelling; or delivering a copy of each to an authorized agent.  Fed. R. Civ. P. 4(e)(2)(A-C). Rather than comply with any of these enumerated methods, Plaintiffs simply left the summonses and complaints with Terry Carl at the jail.  The jail was not the dwelling or usual place of abode of any defendant.  Nor was Terry Carl authorized by any of the defendants for the purpose of service.  Thus, plaintiffs did not complete service on the KCDC defendants at issue within the 120 days prescribed.

Although the court doubts that the reasons offered by plaintiffs for this failure amount to "good cause," the circumstances of the case lead the court to conclude

3

nonetheless that it should exercise its discretion to grant plaintiffs additional time to correct the defective service.

Plaintiffs' counsel has submitted a sworn affidavit of the process server, who stated, essentially, that he lied about the method of service. It is true that more diligent efforts could have uncovered these deficiencies, but nothing indicates that any of these failures was the result of bad faith.

Second, most of the defendants in this action have already been properly served, including several from the KCDC group. If one purpose of Rule 4 is to ensure speedy litigation, dismissing the case against these twelve defendants will not serve that function.

Further, defendants filed their motion to dismiss three days after the 120-day period expired. Assuming that this was the first time plaintiffs learned about the problems with service, they responded promptly with both a motion in opposition as well as a motion for more time to effectuate service.

Finally, as plaintiffs point out, nothing in the defendants' briefs indicates how this delay has prejudiced them beyond the inconvenience inherent in being sued in the first place. Plaintiffs, on the other hand, are faced with an expired statute of limitations and will be unable to re-file their claim if it is dismissed. Although being time-barred from re-filing is insufficient to demonstrate good cause, *see Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341,

345-46 (6th Cir. 2007), it remains a factor relevant to the court's exercise of its wide discretion.  *See Blandford v. Broome Cnty. Gov't*, 193 F.R.D. 65, 68 (N.D.N.Y. 2000).

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that: (1) Defendants' motion to dismiss for failure of service (Doc. 10) be, and is hereby, **DENIED**; (2) Plaintiffs' motion for an extension of time to effectuate such service (Doc. 12) be, and is hereby, **GRANTED**; and (3) Plaintiffs shall complete service on the twelve KCDC defendants at issue **on or before November 18, 2011**.

This 22nd day of September, 2011.



Signed By:
*William O. Bertelsman* WOB
United States District Judge